```
 1  THOMAS G. GILMORE, ESQ.
    State Bar No. 91984
 2  LAW OFFICES OF THOMAS G. GILMORE
    3232 FOURTH AVENUE
 3  SAN DIEGO, CALIFORNIA 92103
    (619) 426-4444
 4

 5  Attorney for Material Witnesses

 6

 7

 8                  UNITED STATES DISTRICT COURT

 9                  SOUTHERN DISTRICT OF CALIFORNIA

10                     (Honorable Jan M. Adler)

11  UNITED STATES OF AMERICA,    )  CASE NO. 08MJ1643 JMA
                                 )
12                               )
                      Plaintiff, )  NOTICE OF MOTION; MOTION FOR
13                               )  VIDEOTAPE DEPOSITION AND
    vs.                          )  SUBSEQUENT VOLUNTARY DEPORTATION
14                               )  OF MATERIAL WITNESS; MEMORANDUM
    Enrique RIVERA-Garcia,       )  OF POINTS AND AUTHORITIES AND
15  Richardo PERALTA-Zazueta,    )  DECLARATION OF THOMAS G. GILMORE
                                 )  IN SUPPORT THEREOF
16                               )
                                 )  DATE: June 24, 2008
17                   Defendants. )  TIME: 2:00 p.m.
    _____)  PLACE: Courtroom of Magistrate
18                                         Jan M. Adler
```

19      TO: UNITED STATES ATTORNEY; DEFENDANTS AND THEIR ATTORNEYS OF

20  RECORD:

21      PLEASE TAKE NOTICE that on June 24, 2008 at 2.00 p.m. or as

22  soon thereafter as the matter may be heard, material witnesses Jose

23  Luis GOMEZ-Torres, Eduardo Alejandro RAMIREZ-Hernandez, Oscar David

24  LOPEZ-Torres, and Juan Luis HERNANDEZ-Morales will move the Court

25  for an Order that they be subjected to a videotape deposition prior

26  to trial and subsequent voluntary deportation.

27      This motion will be based on 18 U.S.C. 3144 in that the

28  witnesses testimony can be adequately secured by deposition and

                                1

further detention is not necessary to prevent a failure of justice.

    This motion is further based on this notice of motion, the memorandum of points and authorities and declaration of Thomas G. Gilmore filed herewith, and as such other and further evidence as may be presented at the hearing of the motion.

                                      Respectfully submitted,

DATED: 6/13/08              /ss/Thomas G. Gilmore
                                 THOMAS G. GILMORE, Attorney for
                                 Material Witnesses

```
THOMAS G. GILMORE, ESQ.
State Bar No. 91984
LAW OFFICES OF THOMAS G. GILMORE
3232 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92103
(619) 426-4444

Attorney for Material Witnesses
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Jan M. Adler)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>vs.<br><br>Enrique RIVERA-Garcia,<br>Richardo PERALTA-Zazueta,<br><br>                  Defendants. | CASE NO. 08MJ1643 JMA<br><br>DECLARATION OF THOMAS G. GILMORE<br>IN SUPPORT OF MOTION FOR<br>VIDEOTAPE DEPOSITION AND<br>SUBSEQUENT VOLUNTARY DEPORTATION<br>OF MATERIAL WITNESSES<br><br>DATE: June 24, 2008<br>TIME: 2:00 p.m.<br>PLACE: Courtroom of Magistrate<br>       Jan M. Adler |

I, Thomas G. Gilmore declare:

I am an attorney duly licensed to practice before all the courts of this State, District and Circuit, and am the attorney of record for the material witnesses in the above action, Jose Luis GOMEZ-Torres, Eduardo Alejandro RAMIREZ-Hernandez, Oscar David LOPEZ-Torres, and Juan Luis HERNANDEZ-Morales.

I have personal knowledge of the facts set forth in this action and could testify competently thereto if called.

My clients in this action have been in federal custody since May 24, 2008 because they cannot locate anyone to post bond for them.

1

My clients entered the United States to find work to support family members at home in their country of origin.  Each day they remain in custody is an additional hardship on themselves and their families.

Based on the above it respectfully requested that this motion be granted, that said depositions take place at the earliest possible time, and that my clients be allowed to voluntarily return home to their country of origin immediately thereafter.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge except as to those matters stated to be based upon information and belief and, as to those matters, I am informed and believe that they are true and correct.

Executed this 13th day of June, 2008, in San Diego, California.

/ss/ Thomas G. Gilmore
THOMAS G. GILMORE, Attorney for
Material Witnesses

```
 1  THOMAS G. GILMORE, ESQ.
    State Bar No. 91984
 2  LAW OFFICES OF THOMAS G. GILMORE
    3232 FOURTH AVENUE
 3  SAN DIEGO, CALIFORNIA 92103
    (619) 426-4444
 4

 5  Attorney for Material Witnesses

 6

 7

 8                  UNITED STATES DISTRICT COURT

 9                 SOUTHERN DISTRICT OF CALIFORNIA

10                    (Honorable Jan M.Adler)

11  UNITED STATES OF AMERICA,   )  CASE NO. 08MJ1643 JMA
                                )
12                              )
                     Plaintiff, )  MEMORANDUM OF POINTS AND
13                              )  AUTHORITIES IN SUPPORT OF
    vs.                         )  VIDEOTAPE DEPOSITION AND
14                              )  SUBSEQUENT VOLUNTARY DEPORTATION
    Enrique RIVERA-Garcia,      )  OF MATERIAL WITNESSES
15  Richardo PERALTA-Zazueta,   )
                                )
16                              )
                                )  DATE: June 24, 2008
17                   Defendants.)  TIME: 2:00 p.m.
    _____)  PLACE: Courtroom of Magistrate
18                                 I      Jan M. Adler
```

**BY STATUTE AND CASE LAW,**

**THE MOTION SHOULD BE GRANTED**

According to 18 U.S.C. 3144, "no material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be adequately secured by deposition and if further detention is not necessary to prevent a failure of justice".

Furthermore, Fed R. Crim P. 15(a) specifies that a material witness may make a motion requesting such a deposition and the district court has the authority to order the taking of the

1

1 deposition and thereafter to discharge the detained witness from
2 custody.

3 　　As the Fifth Circuit stated In <u>Aguilar-Ayala v. Ruiz</u>, 973 F.2d
4 411 (1992) at page 413:

> 5 Read together, Rule 15(a) and section 3144 provide a
> detained witness with a mechanism for securing his own
> 6 release.  He must file a "written motion", Fed. R. Crim.
> P. 15(a), requesting that he be deposed.  The motion must
> 7 demonstrate that his "testimony can adequately be secured
> by deposition" and that"further detention is not necessary
> 8 to prevent a failure of justice" 18 U.S.C. section 3144.
> Upon such showing, the district court must order his
> 9 deposition and prompt release. Id. ("No material witness
> may be detained" if he makes such a showing).  Although
> 10 Rule 15(a) is couched in the permissive "May" not the
> mandatory "shall", Fed R. Crim. P. 15(a) ("the court...may
> 11 direct that the witness' deposition be taken"), it is
> clear from a conjunctive reading with section 3144 that
> 12 the discretion to deny the motion is limited to those
> instances in which the deposition would not serve as an
> 13 adequate substitute for the witness' live testimony:  that
> a "failure of justice" would ensue were the witness
> 14 released...absent a "failure of justice", the witness must
> be released.
15

16 　　Any ambiguity in Rule 15(a) was resolved when the statute was
17 amended in 2002 to differentiate between motions for depositions
18 brought by other parties as opposed to such motions brought by the
19 material witness themself.  The new statutory language holds that
20 when a material witness files their own motion for a deposition,
21 they do not even need to show any "exceptional circumstances" exist.
22 The amended statute has already been upheld on appeal, <u>United States</u>
23 <u>v. Chen</u> (N.D. Cal. 2003) 214 F.R.D. 578.

24 　　This is also the law in the Ninth Circuit as demonstrated by
25 the case of <u>Torres -Ruiz v. United States District Court for the</u>
26 <u>Southern District of California</u>, 97 CDOS 5335 (July 7, 1997).  The
27 court "agreed with the reasoning of [<u>Aguilar-Ayala</u>, <u>supra</u>]" and
28 reversed Judge Huff who had denied a motion for a deposition on

2

1  facts virtually identical to the instant action .  As the court
2  stated:

> In the instant case, two young men ages 19 and 22, have apparently been randomly selected out of a group of 27 undocumented aliens and detained for a period of over 60 days as material witnesses in a straightforward and uncomplicated alien smuggling prosecution.  These young men state without opposition by either party to this case that they are the sole support for their respective families in Mexico, and that every day they remain in custody is a tremendous hardship on those family members. (Kilpatrick Declaration at 2)  Neither petitioner is able to provide a surety for $1000.00 bond.  It is exactly circumstances such as these for which section 3144 appears to be designed.

                         Respectfully submitted,

                         LAW OFFICES OF THOMAS G. GILMORE

DATED: 6/13/08           By: /ss/ Thomas G. Gilmore
                              Thomas G. Gilmore, Esq.
                              Attorney for Material Witnesses

3

```
 1  THOMAS G. GILMORE, ESQ.
    State Bar No. 91984
 2  LAW OFFICES OF THOMAS G. GILMORE
    3232 FOURTH AVENUE
 3  SAN DIEGO, CALIFORNIA 92103
    (619) 426-4444
 4

 5  Attorney for Material Witnesses

 6

 7

 8                    UNITED STATES DISTRICT COURT

 9                   SOUTHERN DISTRICT OF CALIFORNIA

10                       (Honorable Jan M. Adler)

11  UNITED STATES OF AMERICA,    )  CASE NO. 08MJ1643 JMA
                                 )
12                               )
                       Plaintiff,)  CERTIFICATE OF SERVICE
13                               )
    vs.                          )
14                               )
    Enrique RIVERA-Garcia,       )
15  Richardo PERALTA-Zazueta,    )
                                 )
16                               )
                                 )  DATE: June 24, 2008
17                    Defendants.)  TIME: 2:00 p.m.
    _____)  PLACE: Courtroom of Magistrate
18                                         Jan M. Adler
```

19     I, hereby certify that on today's date, I electronically filed

20  the attached documents with the Clerk of the Court using the CM/ECF

21  system, which will automatically send electronic notification of

22  such filing and a copy of such filings to the following:

23     Candis Lea Mitchell, Esq. - Candis-Mitchell@fd.org

24     William R. Burgener, Esq. - william_burgener@yahoo.com

25     Efile.dkt.gc2@usdoj.gov

26  Date: June 13, 2008

27  By:  /ss/Thomas G. Gilmore
         THOMAS G. GILMORE, Attorney for
28       Material Witnesses

                                  1